Ashkon Cyrus, Esq. SBN 314523
**SELECT IP LAW CORPORATION**
475 Washington Blvd
Marina Del Rey, CA 90292
ashkon@selectip.com

Attorney for Plaintiff
Craig Schmitman

**U.S. DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG SCHMITMAN, a natural person.<br><br>Plaintiff,<br><br>v.<br><br>Wix.com, Inc., a Delaware Corporation conducting business in California without registration as a foreign corporation; DOES 1-10, and each of them, inclusive.<br><br>Defendants. | Case No: 2:23-cv-00888<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, PLAINTIFF, CRAIG SCHMITMAN, and hereby alleges and complains as follows:

**I. INTRODUCTION**

1.  This is a civil action seeking damages and injunctive relief for copyright infringement arising out of the knowing and willful actions and omissions of Defendant Wix.com, Inc. ("WIX") and DOES 1-10, and each of them, inclusive.

**II. JURISDICTION and VENUE**

2.  Jurisdiction: This action arises under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue: Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants conducted business in this District, and because Defendants purposely availed themselves of business opportunities in this District.

4. Personal Jurisdiction: This Court has personal jurisdiction over Defendant because Defendant Wix has purposefully availed itself of the privilege of doing business in California and in the United States, and material elements of Defendant's wrongdoing occurred in California.

### III. PARTIES

5. Plaintiff SCHMITMAN is an individual and a California-based aerial photographer, having his principal place of business within Ventura County, California.

6. Defendant WIX is a Delaware Corporation, doing business in California and availing itself of the privileges of doing business in California without registering as a foreign corporation in California.

7. Defendants Does 1 through 10 are individuals or entities that may have a business relationship with Defendant and/or have a profit or involvement in the copyright infringement of the photographer's work. These individuals or entities may also be acting in conjunction with the Defendants in the unlawful activities described in this complaint. As the true names and capacities of these defendants are unknown to the photographer, they are sued under fictitious names (together with Wix referred to collectively as Defendants).

8. Upon discovery of the true names and capacities of the Doe Defendants, Plaintiff intends to seek leave to amend this complaint to include such information. It is believed that each Doe Defendant acted in concert with the other defendants and is responsible for the damages alleged in this complaint.

9. The Defendants, as well as each of them individually, advertise their services to clients in the United States through their websites, including the delivery of some images through a content delivery server at static.wixstatic.com.

### SCHMITMAN's BACKGROUND AND COPYRIGHTED MATERIAL

10. SCHMITMAN is an accomplished professional in the aerial photography, aviation, space and defense fields, and has been retained as an expert for numerous television programs. SCHMITMAN created, published, and copyrighted thousands of aerial photographs which he often takes at great risk to himself riding in helicopters and airplanes. SCHMITMAN also owns and operates the internet business profile located at aeronauticpictures.com.

11. SCHMITMAN's business consists of the design, creation, production, marketing, promotion, and sale of photographic images, taken from the air. Customers are provided access to content created and owned by SCHMITMAN and made available by payment of a licensing fee, which varies depending upon the intended usage of the final image.

12. SCHMITMAN owns a significant amount of valuable and unique copyrighted material that has been developed through their years of experience in the field. These works, referred to as the " SCHMITMAN Copyrighted Works," are owned by the plaintiff and have been registered with the Register of Copyrights. Under the Copyright Act, SCHMITMAN has the exclusive right to reproduce, distribute, display, and license or authorize any of these activities for the SCHMITMAN Copyrighted Works.

### Copyright Infringement by Defendant

13. Defendants created websites and hosted infringing images on websites that are operated in or available to residents of California. These websites have infringed upon the SCHMITMAN Copyrighted Works.

14. Defendants have used the internet, including hubs located in California, to transmit these infringing materials to users in California, including in this district, who download them onto their computers. The defendants had actual knowledge that they were storing and displaying specific SCHMITMAN Copyrighted Works, which were identical reproductions of the Copyrighted Works.

15. SCHMITMAN detected infringement on domain thewildlifetrappersbc.com (Website) on 16 September 2022 (Exhibit A). Evidence suggests Website has been hosted by Wix. SCHMITMAN also detected infringement on URLs https://www.thewildlifetrappersbc.com/, https://www.thewildlifetrappersbc.com/wildlife-information/ and https://www.thewildlifetrappersbc.com/testimonials.

16. On September 16, 2022, at 1:38 PM, PT, SCHMITMAN emailed a fully compliant DMCA takedown request involving the unauthorized use of SCHMITMAN materials on Website to abuse@wix.com, which is the email address for notifications listed with the United States Registrar of Copyrights (Exhibit B). SCHMITMAN's notice was fully compliant with all of the notification requirements of 17 U.S.C. §512(c)(3)(A).

17. Wix failed to acknowledge receipt thereof. SCHMITMAN server records and a blind copy sent to an unrelated email domain confirm proof of successful transmission.

18. The infringing material remained live on Wix servers thereafter, available to spidering and other abuse, including at the following URLS:

static.wixstatic.com/media/2f7768_507188be421b49679ee79caa8e2d0771~mv2.jpg/v1/fill/w_86

9,h_540,al_c,q_85,enc_auto/2f7768_507188be421b49679ee79caa8e2d0771~mv2 .jpg and static.wixstatic.com/media/2f7768_507188be421b49679ee79caa8e2d0771~mv2.jpg/v1/fill/w_288,h_162,al_c,q_80,usm_0.66_1.00_0.01,blur_2,enc_auto/2f7768_507188be421b49679ee79caa8e2d0771~mv2.jpg.

19. Therefore, Wix failed to "disable access to" the infringing item, as required under 17 U.S.C., and the image remained publicly accessible directly, at the above-referenced URL(s), until December 7, 2022.

20. Wix customer service reached out to Schmitman's representative on December 7 2022 admitting that "We understand that the reported URLs appears to be in violation of Wix Terms of Use," but failed to forward the correspondence to Wix counsel despite SCHMITMAN's representative's request. Wix would normally be afforded safe harbor under 17 U.S.C. § 500 et seq., however Wix's failure to comply fully with 17 U.S.C. § 512(d)(3) has eliminated any claims as to Safe Harbor protection, and the Safe Harbor period had long passed before SCHMITMAN received any acknowledgement from Wix.

21. Defendants have profited from and exploited the plaintiff's credibility and hard work to their own benefit, causing severe and irreparable harm to the plaintiff. Defendants' actions and conduct demonstrate a consciousness of guilt and has caused ongoing harm to the Plaintiff.

22. SCHMITMAN has no way of knowing who has downloaded their copyrighted material without permission from the defendants' website hosting SCHMITMAN Copyrighted Works.

23. Defendant's actions and/or omissions providing access to unauthorized downloading of SCHMITMAN Copyrighted Works reduces the value of the plaintiff's work as it can occur without any purchase information, copyright management information, or credit being provided to the photographer. As a result, the plaintiff has suffered significant damages.

24.  Furthermore, WIX has been uncooperative in response to requests for information from SCHMITMAN and has refused to allow communication with their corporate counsel, despite SCHMITMAN's request. This lack of cooperation has made it difficult for the plaintiff to fully understand the extent of the copyright infringement and has hindered their ability to address the issue.

25.  Defendant's conduct has caused, and continues to cause, severe and irreparable harm to SCHMITMAN.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT**

26.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

27.     SCHMITMAN is the owner of all right, title, and interest to the SCHMITMAN Copyrighted Material.

28.     SCHMITMAN has registered his work which is the subject of this Complaint, with the United States Copyright Office.

29.     The SCHMITMAN Copyrighted Material consists of material original to SCHMITMAN and is copyrightable subject matter.

30.     Defendants have copied, reproduced, sold, distributed, adapted, and/or publicly displayed the SCHMITMAN Copyrighted Work without the consent or authority of SCHMITMAN, thereby directly infringing SCHMITMAN's copyrights.

31.     Defendants' conduct constitutes direct infringement of SCHMITMAN's copyright and exclusive rights under copyright in the SCHMITMAN Copyrighted Work, in violation of the United States Copyright Act, 17 U.S.C. § 106 and § 501.

32.     Defendants' have induced, caused, and/or materially contributed to unauthorized reproduction, adaptation, public display, and/or distribution of the SCHMITMAN Copyrighted Work by allowing the infringement of such work to occur on its business profile.

33.     Defendants knew, or had reason to know, that its business profile directly infringed SCHMITMAN's Copyrighted Work, because Defendants copied and published the SCHMITMAN Copyrighted Work on profile pages owned and/or controlled by Defendant.

1  Defendant WIX received a fully compliant DMCA notice but continued to host the material, thus

2  establishing ongoing and willful copyright infringement after actual knowledge.

3  34.     Defendants' conduct constitutes infringement, contributory infringement, and vicarious

4  infringement of SCHMITMAN's copyrights and exclusive rights under copyright in the

5

6  SCHMITMAN Copyrighted Work, in violation of the United States Copyright Act, 17 U.S.C. §

7  106 and § 501.

8  35.     The infringement of SCHMITMAN's rights in and to each of the SCHMITMAN

9  Copyrighted Work constitutes a separate and distinct act of infringement.

10

11  36.     Defendants' infringement has been willful, intentional, purposeful, and in reckless

12  disregard of and with indifference to the rights of SCHMITMAN.

13  37.     As a direct and proximate result of the infringements by Defendants of Plaintiff's

14  copyrights and exclusive rights under copyright in the SCHMITMAN Copyrighted Work,

15  Plaintiff is entitled to his actual damages, and Defendant's profits, pursuant to 17 U.S.C. §

16  504(b).

17

18  38.     Alternatively, SCHMITMAN is entitled to maximum statutory damages, pursuant to 17

19  U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other

20  amounts as may be proper under 17 U.S.C. § 504(c).

21  39.     Defendant's conduct is causing and has caused great and irreparable injury to

22  SCHMITMAN that cannot fully be compensated in money as SCHMITMAN does not know

23
    who downloaded the work from defendant's business profile. Pursuant to 17 U.S.C. § 502,
24
    SCHMITMAN is entitled to injunctive relief prohibiting further infringements of his copyrights.
25

26  40.     SCHMITMAN further is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. §

27  505, 17 U.S.C. § 1202, 17 U.S.C.  § 1203.

28

41. Defendant, in committing the above acts and omissions, acted intentionally, willfully, deceitfully, and in conscious disregard of the rights of Plaintiff, thus justifying an award of punitive damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

US. CODE § 1202 - INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION

42. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

43. Defendants stripped the Copyright Management Information from Plaintiff's work, including but not limited to meta data and identifying Copyright Management Information published adjacent to the Copyrighted Material on Plaintiff's business profile, and in fact promoted Plaintiff's work as its own. Defendants partially cut off the watermark from Plaintiff's work via the manner of publication with a layer of the website's commercial messaging.

44. The foregoing acts and omissions of Defendants constitute violations US. Code § 1202 - Integrity of copyright management information.

45. Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false, and distributed copyright management information that is false. Defendants knowingly provided false copyright information; and the defendants did so with the intent to induce, enable, facilitate, or conceal an infringement.

46. Plaintiff is entitled to his actual damages, or alternatively maximum statutory damages in the amount of $25,000 pursuant to 17 U.S. Code § 1202 and 17 U.S. Code § 1203.

47. SCHMITMAN further is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 1202 and 17 U.S.C. § 1203.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendants as follows:

1. For a finding that Defendants infringed Plaintiff's copyright interest in the Copyrighted Material by copying and publishing the Copyrighted Material without a license or consent;

2. For maximum statutory damages under the Copyright Act in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c), in an amount to be proven at trial.

3. For disgorgement of all profits earned by any means attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial.

4. For civil remedies including maximum statutory damages in the amount of $25,000 with respect to each copyrighted work infringed, or for such other amounts as may be proper pursuant to under 17 U.S. Code § 1202 and 17 U.S. Code § 1203.

5. For injunctive relief pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiffs' works.

6. For punitive damages as the court deems appropriate.

7. For costs and attorneys fees of this lawsuit pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1202 17 U.S.C. §1203.

8. Any other relief as the court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a jury trial.

Dated: 02/06/2023

Respectfully Submitted,

**/s/Ashkon Cyrus**
Ashkon Cyrus, Esq.
Cal Bar No. 314523
**SELECT IP LAW CORPORATION**
475 Washington Blvd
Marina Del Rey CA 90292
Attorney for Plaintiff
CRAIG SCHMITMAN